IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SYLVESTER YOUNG                                                                    PETITIONER

VS.                                                      CIVIL ACTION NO.  4:07cv162-DPJ-JCS

RONALD KING                                                                        RESPONDENT

## **REPORT AND RECOMMENDATION**

This cause is before the court on Respondent's motion to dismiss the petition for writ of habeas corpus filed by Sylvester Young.  Having considered the motion and Young's response, the undersigned recommends that Respondent's motion be granted and that the Petition be dismissed without prejudice.

Petitioner entered a guilty plea in the Circuit Court of Lauderdale County, Mississippi, to the charge of armed robbery.  He was sentenced to a term of twenty years, with twelve years suspended, eight years to serve, and five years of probation.  Following his release on probation, Young entered a plea of guilty to the offense of felon in possession of a firearm.  By order dated September 13, 2007, Young's probation was revoked, and he was ordered to serve a term of twelve years, with credit for time served.  On November 20, 2007, Young filed in the state trial court a "Petition for Modification and Correctness," seeking a modification of his sentence.  According to Respondent, this petition remains pending in the state court.

In his habeas petition before this court, Young likewise challenges his state court sentence.  Before federal habeas relief may be granted, a prisoner must exhaust his remedies in state court.  28 U.S.C.  § 2254(b)(1).  The exhaustion requirement is satisfied

if the substance of the federal claims set forth in the habeas petition has been fairly presented to the state's highest court in a procedurally proper manner and the state court has been given a fair opportunity to pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999). Young has not met the exhaustion requirement because he has not yet presented his claims to the Mississippi Supreme Court. For this reason, the undersigned recommends that Respondent's motion be granted and the petition be dismissed without prejudice so that Petitioner may pursue his state court remedies.

The parties are hereby notified that failure to file written objections to the findings and recommendations contained in this report on or before May 12, 2008, will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; *Douglass v. United Service Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 23rd day of April,, 2008.

/s/ James C. Sumner

UNITED STATES MAGISTRATE JUDGE